FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| A.G., | Case No. 8:05-CV-225-T-26EAJ |
| **Plaintiff,** | |
| v. | Agency No. A79 415 269 |
| KATHY REDMAN, Officer in Charge, Tampa Sub Office, Bureau of Citizenship and Immigration Services; JOHN M. BULGER, District Director, Bureau of Citizenship and Immigration Services, District 6. | PETITION FOR A WRIT IN THE NATURE OF MANDAMUS |
| **Defendants.** | |

## INTRODUCTION

1. Plaintiff A.G., a dependent, immigrant child in the custody of the Department of Children and Families, brings this action to compel defendants to adjudicate her case for lawful permanent residency before she turns 18 on March 3, 2005 and becomes ineligible for relief. Plaintiff filed applications for special immigrant juvenile status and adjustment of status with the Tampa Sub Office of the Bureau of Citizenship and Immigration Services on June 23, 2003 and has repeatedly asked defendants to adjudicate her applications before her 18th birthday, as required by defendants' written policy. Defendants have unlawfully and unreasonably refused to adjudicate plaintiff's applications and, as a result, plaintiff is at risk of aging out of immigration relief to which she is entitled. If plaintiff's applications are not timely adjudicated, she will be precluded from a range of benefits, including lawful immigration status, permission to work and travel, and resident tuition rates, financial aid and government loans for higher education.



T031017
$150.00

## JURISDICTION

2. Jurisdiction is conferred on the Court by 28 U.S.C. § 1361, 28 U.S.C. § 1331(a), and 5 U.S.C. §§ 701-706.

## VENUE

3. Venue in the Middle District of Florida, Tampa Division is proper pursuant to Title 28 U.S.C. § 1391(e) in that defendant KATHY REDMAN is the Officer-in-Charge of the Tampa Sub Office of the Bureau of Citizenship and Immigration Services and resides in Tampa, Florida. A substantial part of the activities complained of occurred in the Middle District of Florida, Tampa Division. JOHN M. BULGER is the District Director of District 6, which includes the Tampa Sub Office.

## PARTIES

### Plaintiff

4. Plaintiff A.G. is an immigrant child in the custody of the Department of Children and Families who has been declared dependent due to abuse, abandonment or neglect disabled. She resides in Lee County, Florida.

### Defendants

5. Defendant KATHY REDMAN is the Officer-in-Charge of the Tampa Sub Office of the Bureau of Citizenship and Immigration Services (CIS). The Tampa Sub Office is where plaintiff's immigration case was filed.

6. Defendant JOHN M. BULGER is the District Director of District 6, which includes the Tampa Sub Office of the Bureau of Citizenship and Immigration Services.

## FACTUAL ALLEGATIONS

7. Plaintiff A.G. is a 17-year-old child who was born in Haiti on March 3, 1987. She came to the United States on or about August 11, 2001. On or about November 21, 2002, the Department of Children and Families took custody of A.G. and, on or about April 14, 2003, she was adjudicated dependent. On or about May 19, 2003, the juvenile court issued an order stating that it was not in A.G.'s best interest to return to Haiti. *See* Special Interest Order, attached as Exhibit A.

8. About a month later, on June 23, 2003, A.G. filed at the Tampa Sub Office of the Bureau of Citizenship and Immigration Services a petition for special immigrant juvenile status and an application for adjustment of status based on that petition. *See* Petition for Special Immigrant Juvenile Status and Application for Adjustment of Status, attached as Exhibit B. A.G. filed these applications through her counsel, Sr. Maureen Kelleher of Florida Immigrant Advocacy Center.

9. Despite its internal policy to process these cases on an expedited basis, defendants have failed to adjudicate A.G.'s petition for special immigrant juvenile status. Defendants have had jurisdiction over this petition since A.G. filed it on June 23, 2003.

10. Defendants have also failed to adjudicate A.G.'s application for adjustment of status. A.G. was in removal proceedings before the immigration judge. During this time, defendants did not have jurisdiction over this application. However, on December 16, 2004, the immigration judge terminated removal proceedings upon joint motion by the parties to permit A.G. to pursue adjustment of status as a special immigrant juvenile before defendants. Defendants therefore have had jurisdiction over A.G.'s adjustment application since December

16, 2004.

11. If defendants have adjudicated A.G.'s petition for special immigrant juvenile status in a timely manner, the immigration judge could have adjudicated A.G.'s application for adjustment of status while she was in removal proceedings. The immigration judge only has jurisdiction over applications for adjustment and cannot adjudicate petitions for special immigrant juvenile status. Now that the judge has terminated proceedings, defendants are the only entity with jurisdiction to adjudicate both the petition for special immigrant juvenile status and the application for adjustment of status.

12. A.G., through counsel, has contacted defendants numerous times to inquire about the status of her case. On June 14, 2004, attorney Kelleher emailed the Bureau of Citizenship and Immigration Services (CIS) official in charge of special immigrant juvenile petitions to inquire about the case. *See* Email from Maureen Kelleher to CIS Officer Kristen Holland, attached as Exhibit C. Attorney Kelleher did not receive a response to this email inquiry.

13. In September 2004, Attorney Maureen Kelleher went on extended medical leave. Shortly thereafter, attorney Deborah Lee, also of Florida Immigrant Advocacy Center, took over representation of A.G.'s case.

14. On December 22, 2004, Attorney Lee emailed the CIS official in charge of special immigrant juvenile cases to again inquire about the case. On January 4, 2005, CIS officer Yolanda Almeida stated that "[w]e are working on doing everything possible to adjudicate the application prior to the date of her aging out. Thanks [sic] we [sic] will stay in touch to advise you of a interview date." *See* Email from CIS Officer Yolanda Almeida to Deborah Lee, attached as Exhibit D.

15. On January 27, 2005, Attorney Lee again emailed Officer Almeida to inquire into A.G.'s case, to remind her of A.G.'s age-out date, and to ask whether an interview date has been set. *See* Email from Deborah Lee to CIS Officer Almeida, attached as Exhibit E.

16. On February 2, 2005, Officer Almeida emailed Attorney Lee to say that plaintiff's file is in Miami and that plaintiff might be in proceedings before the immigration judge. *See* Email from CIS Officer Almeida to Deborah Lee, attached as Exhibit F. Attorney Lee responded to Officer Almeida, explaining that plaintiff is *not* in removal proceedings and that the Tampa Sub Office should immediately order plaintiff's file and schedule her for an interview.

17. To date, A.G. has not received an interview date or any other notice of further processing of her case. Under defendants' written policy, A.G. should have been scheduled for an interview at least 60 days before her 18th birthday on March 3, 2005. *See* Interoffice Memorandum, "Memorandum #3—Field Guidance on Special Immigrant Juvenile Status Petitions," from William R. Yates, Associate Director for Operations, May 27, 2004, attached as Exhibit G.

## SPECIAL IMMIGRANT JUVENILE STATUS

18. The Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, provides special status to immigrant children who meet the definition of a "special immigrant" juvenile, as defined under 8 U.S.C. § 1101(a)(27)(J)(iii)(I). Under that definition, a special immigrant juvenile is an immigrant in the United States "who has been declared dependent on a juvenile court . . . and who has been deemed eligible by that court for long-term foster care due to abuse, neglect, or abandonment." The immigrant must be one "for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be

returned to the alien's or parent's previous country of nationality or country of last habitual residence."

19. Special immigrant juveniles are eligible to adjust their status to lawful permanent residents under 8 U.S.C.§§ 1255(a), (g) and (h).

20. In Florida, juvenile court jurisdiction ends when a child turns 18. As a result, a special immigrant juvenile must adjust her status to lawful permanent residency before she turns 18. Juveniles who do not adjust status before turning 18 lose their eligibility to adjust as special immigrant juveniles.

21. In order to guard against children aging out of relief, CIS has recently adopted a written policy of adjudicating applications of special immigrant children before they age out of eligibility. *See* Interoffice Memorandum, "Memorandum #3—Field Guidance on Special Immigrant Juvenile Status Petitions," from William R. Yates, Associate Director for Operations, May 27, 2004, attached as Exhibit G. Under this policy, cases "at risk of aging out" within a year should be given "expedited processing," including "priority interviews and fingerprinting; [and] other appropriate administrative relief." *Id.* at 6. Interviews should be scheduled "well in advance" of the petitioner's birthday. *Id.* All background checks, including fingerprint clearances and name-checks should be scheduled no later than 60 days before the age-out date. *Id.*

## CLAIM FOR RELIEF

(Violation of the Administrative Procedures Act)

22. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, in that he has unlawfully withheld and unreasonably delayed agency action to which

plaintiff is entitled by failing to adjudicate her applications for special immigrant juvenile status and adjustment of status. Under 5 U.S.C. § 706(1), an agency cannot unlawfully withhold or unreasonably delay agency action.

23. As a result of defendants' failure to adjudicate plaintiff's applications in a timely manner, plaintiff risks aging out of the relief to which she is entitled.

### REQUEST FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action.

2. Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) *et seq.*, compelling defendants and their agents to adjudicate plaintiff's special immigrant juvenile petition and application for adjustment of status.

3. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4. Grant such other relief as this Court may deem just and proper.

REBECCA SHARPLESS
Trial Counsel
Florida Bar No. 131024
DEBORAH LEE
Attorneys for Plaintiff
FLORIDA IMMIGRANT ADVOCACY CENTER, INC.
3000 Biscayne Blvd., Suite 400
Miami FL 33137
Telephone (305) 573-1106 ext. 1080
Facsimile (305) 576-6273, fax
Email: rsharpless@fiacfla.org